**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 00-6312-CR-ROETTGER**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERMAINE C. WILLIAMS,

    Defendant.
_____/

## GOVERNMENT'S MOTION FOR COURT ORDER DIRECTING JERMAINE C. WILLIAMS TO PROVIDE HAIR SAMPLES AND BLOOD SAMPLES TO INVESTIGATORS AND INCORPORATED MEMORANDUM OF LAW.

Comes now the United States of America by and through the undersigned assistant United States Attorney and files this motion for court order directing defendant Jermaine C. Williams to provide hair samples and blood samples to investigators and in support thereof state as follows:

### Background

1. On October 20, 2000, at approximately 6:40 am, two Brinks armored car drivers arrived at the Citibank Automatic teller machine ( ATM) located at 2789 University Drive in Coral Springs ,Fl. As the guards were entering the ATM to supply the machine with money belonging to Citibank, Inc. they were ambushed by two males. The men drove up in a red Honda and armed with a 12 guage shotgun and a 9mm semiautomatic pistol shot without warning from the car. The guards



were hit in the back and neck area by shot gun pellets. One of the guards, although seriously injured, was able to return fire emptying his service revolver into the red Honda. After being shot at by the guard, the robbers sped away without obtaining any money from the guards. Citizens notified the police of the shootings and the condition of the guards laying on the pavement. One of the guards saw the robbers flee the scene of the assault in a red automobile.

2. At Approximately 7:00am, a Coral Springs Police Officer located a Red 1983 Honda Civic, the vehicle believed to be used during the commission of the robbery, two blocks from the shooting scene. The car was running with the doors ajar. The vehicle had numerous blood stains and blood splatters throughout the vehicle. Located on the dashboard was what appeared to be a "dred" lock piece of human hair braid with blood and skin laying on the dash board near the vin number. Also recovered from the vehicle were a Mossberg 12 gauge shot gun with 2 live shells and three spent shells and a 9mm semiautomatic pistol loaded with eight rounds with one round in the chamber. A spent 9mm shell were found on the ground at the scene of the shooting. Investigation determined that the car had been stolen in Coral Springs, Fl on October 12, 2000. Latex gloves were recovered on the ground next to the vehicle. There are entry marks near the rear passenger door consistent with bullet entry and there were blood splatters in the vehicle. Additional blood splatters were located on the front windshield and both seats. Drops of blood were also located on the steering wheel cover, the driver's door handle and the carpet on the driver and passenger sides. Latex gloves were recovered in and around the vehicle.

3. At approximately 7:55 am Westside Hospital Plantation, FL contacted the police and advised that they had a male patient for treatment of a gunshot wound. Witnesses advised that the man had been dropped off by a female driving a black Honda. The police arrived at the hospital and interviewed the patient, JERMAINE WILLIAMS, who advised that he had been driving on the Saw

Grass expressway when he pulled over to the side of the road to urinate. WILLIAMS further advised that he felt a hot burning sensation on his head area and realized that he must have been shot. William advised that he drove to the hospital for treatment. The bloody dred lock found on the dash board in the red Honda matched the color, texture, length and style of the dred locks worn by WILLIAMS.

4. On November 2, 2000, a federal grand jury sitting in Fort Lauderdale, FL., returned a three count indictment charging the defendant and codefendant Lowen Espinueva with conspiracy to violate the Hobbs Act (Count 1); a substantive count of Hobbs Act violation(Count 2); and one count charging both defendants with using a firearm in the commission of a violent felony as well as aiding and abetting (Count 3).

5. The investigators now wish to obtain samples of WILLIAMS' blood and hair in order to compare the known samples with the hair and blood found at the crime scene. The samples would be obtained by medical personnel at the Federal Detention Center in Miami, FL., where WILLIAMS's is being held in pretrial detention. The case agent would be present only to testify to chain of evidence and would not speak with WILLIAMS. Additionally, the investigators would not oppose the defense attorney being present during the obtaining of the hair and blood samples.

6. On November 8, 2000, pursuant to local rule 88.9, the undersigned contacted Darryl Wilcox, assistant federal public defender representing Defendant WILLIAMS. When advised of the government's motion, AFPD Wilcox advised that he opposed the government's motion although he acknowledged that the case law was against his position.

**Memorandum of Law**

The Supreme Court of the United States has observed a distinction between what it terms "testimonial evidence" that has Fifth Amendment protection and physical acts that do not. The leading case is *Schmerber v. California*, 384 U.S. 737 (1966), which held that blood alcohol measured in a sample taken by a police officer was not evidence of a testimonial or communicative nature. Using the same rationale, the count has also held that individuals could be required to supply hair samples because they are not testimonial, thus no fifth amendment violation. See *United States v. Dougall*, 919 F. 2d 932, 935 (5th Cir. 1990), clearly, the government's request that Defendant WILLIAMS provide hair and blood samples does not violate the Fifth Amendment.

Therefore based on the above, the undersigned respectfully requests that this Honorable Court grant the government's motion for court order directing Jermaine C. Williams to provide Hair and blood samples to the investigators.

Respectfully Submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
THOMAS P. LANIGAN
Assistant United States Attorney
Court ID A5500033
500 East Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was mailed this 13th day of November to AFPD Darryl Wilcox 111 N. 3rd avenue, Fort Lauderdale, Florida, and Barry Wax, Esq., 201 S. Biscayne Blvd., Miami, Florida 33131.

Thomas P. Lanigan
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6312-CR-ROETTGER

UNITED STATES OF AMERICA

    Plaintiff.

v.

JERMAINE C. WILLIAMS,

    Defendant.

_____/

**ORDER ON GOVERNMENT'S MOTION TO COMPEL DEFENDANT WILLIAMS TO PROVIDE BLOOD AND HAIR SAMPLES**

**THIS CAUSE** came before the court pursuant to the Government's motion to compel Defendant Williams to provide blood and hair samples, after reviewing the pleadings and the court being otherwise fully advised in the premises, it is here by

**ORDERED AND ADJUDGED** that the Government's motion to compel Defendant Williams to provide blood and hair samples in hereby **DONE AND ORDERED** in chamber, in Fort Lauderdale, Broward County, Florida this _____ day of November 2000.

                                            _____
                                            NORMAN C. ROETTGER
                                            SR. UNITED STATES DISTRICT JUDGE

cc: Thomas P. Lanigan, AUSA
    Darryl Wilcox, AFPD
    Barry Wax, Esq.