UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6312-CR-ROETTGER/Snow

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JERMAINE WILLIAMS, et al

Defendant.

_____/

## MOTION IN LIMINE TO EXCLUDE HEARSAY STATEMENTS OF CO-DEFENDANT

The defendant, JERMAINE WILLIAMS, through counsel, pursuant to the Confrontation Clause of the Sixth Amendment, Federal Rule of Evidence 805, and Bruton v. United States, 391 U.S. 123, 88 S Ct. 1620 (1968), respectfully requests that this Court exclude as evidence in this case statements made by co-defendant Lowen Espinueva which implicates Mr. Williams. The following factual background and memorandum of law set forth the grounds for this motion.

### FACTUAL BACKGROUND

1. Defendant Williams and co-defendant Espinueva are charged by indictment with (1) conspiracy to obstruct interstate commerce by robbery in violation of 18 U.S.C. § 1951(b)(1); (2) obstruction of interstate commerce by robbery in violation of U.S.C. § 1951(a); and (3) carrying and using a firearm in relation to a crime of violence in violation of 18 U.S.C. 924(c).

2. On October 20, 2001, at approximately 6:00 a.m., at least two men attempted to rob two Brinks guards as they were about to make a deposit at the CitiBank located at 2789 University Drive, Coral Springs, Florida.

3. The two Brinks Guards were shot in the robbery attempt and the robbers fled after one of the guards returned fire.

4. Approximately thirty minutes after the attempted robbery, police discovered a red Honda Civic, a few blocks east of the bank. Inside the vehicle the police found blood spatters and a one inch piece of hair with skin attached to it.

5. At approximately 7:55 a.m., employees of the Westside Regional Hospital in Plantation, Florida notified police that the defendant, Jermaine Williams, was dropped off for treatment for a gunshot wound to the right side of his head

6. Defendant Williams was met by FBI agents and police officers at the hospital and was questioned concerning the attempted robbery.

7. Law enforcement officers also interrogated Mr. Espinueva concerning his knowledge of and possible involvement in the offense.

8. While Mr. Espinueva denied any knowledge of the Brinks Robbery, he made statements incriminating Mr. Williams.

9. Specifically, Mr. Espinueva advised police officers that:

　　A.　Mr. Williams had come to Espinueva's residence on the morning of the robbery and asked that Espinueva participate in a robbery.

　　B.　Later that same morning, Williams returned to Mr. Espinueva's residence with a gunshot wound to the head and stated the Williams told him the he (Williams) had pulled his gun and fired, and got shot.

10. Defendant Williams anticipates that co-defendant Espinueva will not testify at trial.

2

## MEMORANDUM OF LAW

While the statements allegedly made by Mr. Williams to Mr. Espinueva may be admissible as non-hearsay under Fed. R. Evid. 801(d)(2)(A) as an admission by a party opponent, the statements that defendant Williams allegedly made to co-defendant Espinueva would constitute inadmissable hearsay within hearsay if the government seeks to introduce these statements through a witness other than Espinueva. See Fed. R. Evid 805. The mere fact that one level of a multiple hearsay statement qualifies as non-hearsay does not excuse other levels from the requirement that each level must satisfy an exception to the hearsay rule for the statement to be admissible. See United States v. Dotson, 821 F.2d 1034, 1035 (5th Cir.1987)

In Dotson, the Fifth Circuit held that a police report which contained a witness statement that the witness had carried marijuana three times a week for the defendant was inadmissable hearsay because the police report failed to qualify under any exception to the hearsay rule notwithstanding the fact that the statement of the witness was admissible as non-hearsay under Fed. R. Evid. 801(d)(1)(B) (prior consistent statement). Id.

Similarly, in the instant case, a law enforcement officer's testimony as to what Mr. Espinueva said to a law enforcement officer about what Mr. Williams said to Mr. Espinueva would be inadmissable hearsay because the law enforcement officer's testimony would not qualify under any exception to the hearsay rule. Accordingly, the government must be precluded from introducing the statements that Mr. Williams purportedly made to Mr. Espinueva through a witness other than Mr. Espinueva.

In addition, the statements that co-defendant Espinueva made to the law enforcement officers do not qualify as statements made in furtherance of a conspiracy and therefore, are not admissible

3

under Fed. R. Evid. 801(d)(2)(E). Statements which simply implicate one co-conspirator in an attempt to shift the blame from another cannot be characterized as having been made to advance any object of the conspiracy. See, United States v. Posner, 764 F.2d 1535 (11th Cir. 1984); United States v. Blakey, 960 F.2d 996, 998 (11th Cir. 1992).

In Blakey, the defendant and co-defendant were charged with conspiracy to commit bank fraud and to possess a counterfeit security. At trial, a bank official was allowed to testify that the co-defendant told him that the co-defendant had received the check from the defendant. Blakey, 960 F.2d at 998. The Eleventh Circuit reversed holding that the statement was not admissible under the co-conspirator exception to the hearsay rule. Id. The Blakey court found that the co-defendant's statement pointing the finger at the defendant could hardly be considered as advancing any objective of the conspiracy. Id at 999. The Blakey court concluded that the co-defendant's statement was precisely the type of hearsay statement which cannot be admitted against a defendant and that the testimony violated the defendant's right to be confronted with the witnesses against him. Id.

In the instant case, co-defendant Espinueva's statement is the exact type of blame shifting statement which the Blakey court held to be inadmissable under the co-conspirator exception to the hearsay rule. Mr. Espinueva's statement can not reasonably be considered has having advanced any objective of the conspiracy. Therefore, this Court should preclude the government from introducing co-defendant Espinueva's statement under Fed. R. Evid 801(d)(2)(E).

WHEREFORE, the defendant, Jermaine Williams, respectfully requests this Court to enter an order prior to trial precluding the government from introducing into evidence through a witness other than co-defendant Espinueva any statements defendant Williams made to co-defendant

4

Espinueva concerning defendant William's involvement in the robbery.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
101 S.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this 23rd day of January, 2001 to Thomas Lanigan, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33301 and Barry Wax, Esq., 201 South Biscayne Boulevard, Suite 1950, Miami, Florida 33131.

By: _____
Daryl E. Wilcox