UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6312-CR-ROETTGER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERMAINE WILLIAMS, et al,

    Defendant.

_____/



## DEFENDANT WILLIAMS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO DEFENDANT'S ARREST FOR AGGRAVATED ASSAULT

The Defendant, JERMAINE WILLIAMS, moves for an order *in limine*, precluding the government from eliciting testimony or introducing evidence relating to defendant Williams' prior arrest for aggravated assault and the items seized by law enforcement in the search incident to the arrest, and in support thereof the defendant Williams states:

1.    Defendant Williams and co-defendant Lowen Espinueva are charged by indictment with (1) conspiracy to obstruct interstate commerce by robbery in violation of 18 U.S.C. § 1951(b)(1); (2) obstruction of interstate commerce by robbery in violation of U.S.C. § 1951(a) and (3) carrying and using a firearm in relation to a crime of violence in violation of 18 U.S.C. 924(c).

2.    In the government's response to the Standing Discovery Order bearing certificate of service date November 13, 2001, the government announced its intent to introduce evidence in its case in chief pursuant to Federal Rule of Evidence 404(b) relating to Mr. Williams' arrest on August 28, 2000 for aggravated assault.

3.  According to the government, at the time of the arrest, Mr. Williams and Mr. Espinueva were traveling in the same vehicle. Law enforcement officers found Mr. Williams in possession of a Browning semi-automatic pistol and discovered two bullet proof vests, a can of mace and a pair of handcuffs in the trunk of the vehicle. In addition, law enforcement officers report that Espinueva made a statement that the items found in the trunk were for the purpose of robbing drug dealers and that he had robbed a drug dealer on a prior occasion.

4.  The police report of the August 28, 2000 incident states that an individual flagged down the police and reported that Williams pointed a gun at him. The individual gave the police no motive or reason as to why Williams pointed the gun at him.

5.  Mr. Williams submits that the sole issue in the trial of this matter will be the identity of the persons who committed the instant offense.

6.  Mr. Williams submits that any testimony or evidence relating to the August 28, 2000 incident is irrelevant to the charges he currently faces and/or would unfairly prejudice him in the eyes of the jury in violation of Federal Rule of Evidence 403. In addition, Mr. Williams submits that the introduction of this evidence would violate Federal Rule of Evidence 404(b) because it amounts to improper character evidence. Finally, Mr. Williams would argue that the statement relating to the robbing of drug dealers alleged to have been made by Mr. Espinueva are inadmissable because the statement constitutes inadmissable hearsay statements and the admission of these statements would violate Mr. Williams' Sixth Amendment right to confront witnesses.

## MEMORANDUM OF LAW

### Evidence Relating to the Prior Aggravated Assault Arrest

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. See Fed. R. Evid. 404(b). It may, however, be admissible for other purposes such as proof of motive, plan, opportunity, preparation, knowledge, identity, or absence of mistake or accident. Id. However, bad act evidence is not automatically admissible simply because the proponent has articulated a not-for-character purpose for which the evidence could be admitted. See Huddlestone v. United States, 485 U.S. 681, 688, 108 S.Ct. 1496, 1500 (1988). Even if the government articulates a reason for introducing such evidence, the trial court must make a Rule 403 determination of whether the probative value of the bad acts are substantially outweighed by undue prejudice. See United States v. Utter, 97 F.3d 509, 513 (11th Cir. 1996). The government has yet to articulate any theory of admissibility. Accordingly any evidence relating to the aggravated arrest assault is inadmissible pursuant to Federal Rules of Evidence 404(b) and 403.

### Espinueva's Statement about Robbing Drug Dealers

Espinueva's statement that the items found in the trunk were for the purpose of robbing drug dealers is inadmissable hearsay and would violate Mr. Williams right to confront witnesses as guaranteed by the Sixth Amendment. See Fed. R. Evid. 802; Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620 (1968). The statement which was made during William's arrest for aggravated cannot be reasonably characterized as advancing the object of a conspiracy and is therefore, not admissible under Federal Rule of Evidence 801(d)(2)(E). Accordingly, the court should prohibit the government from eliciting testimony as to the statement made by Espinueva

3

during Williams' arrest for aggravated assault.

### Conclusion

Based upon the foregoing, the defendant, Jermaine Williams respectfully request that this Court enter an order precluding the government from introducing evidence relating to the arrest for aggravated assault on August 28, 2000.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Daryl E. Wilcox
Assistant
Federal Public Defender
Florida Bar No. 838845
101 N.E. Third Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this 6th day of August, 2001 to Thomas Lanigan, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33301; and Barry Wax, Esq., 201 South Biscayne Boulevard, Suite 1950, Miami, Florida 33131.

_____
Daryl E. Wilcox

4