FILED by _____ D.C.

AUG 2 4 20..

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 00-6312-CR-ROETTGER

UNITED STATES OF AMERICA

V.

JERMAINE C. WILLIAMS, ET AL
_____/

**REVISED ORDER**
TRIAL INSTRUCTIONS

SUA SPONTE, the court hereby enters trial instructions to counsel of record. The Court is necessitated both by this Court's observations and the Court's hope that this order will be helpful to counsel in the understanding what will be expected of them in the courtroom. It is

**ORDERED AND ADJUDGED:**

TRIAL PROCEDURE

1. Re-cross examination will not be permitted unless a clear showing is made that manifest injustice would other wise occur.

2. Redirect and rebuttal are not to be a repetition of direct or the case in chief. In short, redirect and rebuttal cannot be a "rehash".

3. The Court prefers that counsel use the lectern as much is practicable in order to help the jury and the judge hear all of the questions.

4. Objections to the questions shall succinctly state the basis for the objection, e.g., leading, repetitive, ambiguous, etc. No explanations of objections or other "speeches" in front of the jury will be tolerated. If further explanation is necessary,



please request a sidebar conference.

5. Sidebar conferences are held at the discretion of the court; counsel are reminded that requests for them are not automatically granted.

6. In jury cases the court expects requested jury instructions to be submitted no later than the beginning of the trial. Pattern instructions or "boiler plate" are not required of counsel.

7. All parties will pre-mark exhibits which they intend to introduce. In civil cases, the numbers must conform to the pre-trial exhibit list.

## COURTROOM ETIQUETTE

8. Because the passing of exhibits down the rows in the jury box delays the trial unnecessarily while the lawyer waits for the exhibit to be seen by each juror at the jurors' seats, the court permits the publishing of the exhibits only by the lawyer's displaying the exhibit by walking in front of the jury box while carrying the exhibit.

9. The court expects counsel to stand when addressing the court unless excused by the court. Counsel will not approach the bench without permission of the court. Counsel are also to obtain permission before approaching the witness stand, unless the witness is clearly your own witness. Counsel don't need to stand merely to indicate "no objection" to the introduction of an exhibit by the adverse party.

10. Counsel, parties, and spectators shall stand

respectfully for the jury when it enters or leaves the jury box and courtroom in order to accord the judges of the facts the same respect as is due the judge of the law. Conferences between counsel or with litigants, paralegals, investigators, or spectators, or shuffling of papers as the jury or judge enters or leaves the courtroom is not considered acceptable conduct.

10(a). The court prefers that counsel remain at the lectern for opening statements and closing arguments. Under no circumstances are counsel to place exhibits on the jury box rail or approach closer than three feet to the jury box rail during opening statement or closing argument.

### VOIR DIRE

11. The following instructions will govern voir dire:

(a) The court will conduct the questioning of the jury basically following the Federal Judicial Center's suggested questions. If counsel have proposed voir dire questions, they must be submitted to the court at least one full working day prior to the start of the trial. If the voir dire process develops areas counsel would like to have pursued by further questions, counsel may write out the questions and submit them to the clerk; the court will consider whether to ask the questions of the jury. Again, counsel **will not** ask any questions of prospective jurors during the jury selection process.

(b) In criminal cases the parties shall be allotted the number of peremptory challenges provided by Rule 24(b), F.R.Cr.P. If there are multiple defendants, the defendants may be allotted

additional challenges, all challenges to be exercised jointly.

In civil cases, each party shall have the number of challenges provided by 28 U.S.C. Section 1870 unless determined otherwise at the pretrial conference.

(c) Each side shall have one additional peremptory challenge if one or two alternates jurors are to be selected, which are to be used for the alternates only. Unused challenges may not be used on alternate jurors. In the event two alternates jurors are to be selected, the striking of the first alternate will not promote the second alternate into the first alternate's seat. Instead, a new number will be drawn for the first alternate's position.

(d) Please excuse the juror the first chance you have an opportunity to do so. In other words, no strike backs, please. For example, if you strike jurors numbered 2, 4, 6 and 8, the court assumes you have accepted jurors numbered 1, 3, 5, 7, 9, 10, 11 and 12.

(e) The privilege of exercising challenges will remain with the government or the plaintiff until that side has exhausted or tendered the privilege. The privilege will move to the defendant and remain with the defense until the defense has exhausted or tendered. (N.B. the privilege will not move back to the government or the plaintiff after the first challenges by the defense--or after the second, third or fourth wave of challenges unless defendants have tendered the jury or exhausted peremptory challenges.) After the defense has exhausted or tendered, the privilege will return to the government or the plaintiff, as

appropriate, etc., until one side tenders and the other accepts the jury.

(f) As a result of The <u>Batson</u> and <u>J.E.B.</u> cases requiring an articulable basis, if requested, for striking minority jurors, or on gender under J.E.B., a lawyer <u>must</u> advise opposing counsel of the lawyers intended peremptory challenges before announcing them. Upon being advised of the opponent's intended peremptory challenges, the opposing lawyer may quietly defer with no objections to the strikes or may advise the court that a sidebar is requested. The sidebar would be used to permit the lawyer intending to strike certain jurors an opportunity to articulate his or her reasons why the challenge would not be based on bias.

The court reserves the right to request such a sidebar, and the non-striking lawyer may request one if the striking lawyer fails to provide the list of intended peremptory challenges. If the peremptory challenge is disallowed by the court because the lawyer cannot state adequate reasons, obviously the lawyer who failed to give notice to opposing counsel prior to announcing his or her peremptory challenges has no one to blame but himself or herself.

12. Proposed jury instructions must be submitted no later than the beginning of the trial.

## EXHIBIT LISTS AND EXHIBITS

13. A numbered exhibit list containing a brief description of each numbered item must be submitted by each party one day prior

to the start of trial.

    14. Every exhibit must be pre-numbered serially, such as P-1, P-2, D-1, D-2, and the numbers must correspond with the exhibit list. Each exhibit not pre-marked and listed may be excluded by the Court.

    15. A copy of all paper exhibits shall be provided to the court sometime prior to the commencement of trial for use by the court reporter. If such exhibits are bulky, please advise the court by pleading for determination as to procedure.

## SPECIAL CIVIL CASE INSTRUCTIONS

    16. If any portion of a deposition is to be introduced at trial, such portions must be reduced to the minimum portions necessary; no discovery-type questions or any repetitive questions will be permitted. The party proposing to introduce any portion of a deposition is directed to disclose such portions to opposing party; such disclosure should be made on the day prior to the time the party expects to offer such deposition. Cross-designations should be filed by the opening of court on the next court day. Designations and cross-designations should be in writing. Whether the case is jury or non-jury, depositions must be read from the witness stand.

    17. The pretrial conference shall be transcribed and the costs shall be borne equally between parties.

    18. The Court expects that counsel will make their opening statements, presumably taking no longer than 10 or 12 minutes

absent prior leave of Court, to the jury panel prior to the commencement of the Court's voir dire questioning of the panel. This permits some participation by the lawyers in front of the entire jury panel, being summoned to jury duty more meaningful to the jurors not chosen, and permits better follow-up questions by the Court and suggested ones by counsel. This procedure has been used in other Districts and this Court's experimental experience with it has been very satisfactory.

19. Expect that all trials seeking damages will be bifurcated unless the court determines the issues of liability and damages are inextricably intertwined. The same jury will hear and decide both parts of the trial with an appropriate time interval for the lawyers to settle the issue of damages if the jury has returned a verdict on liability for plaintiff. For non-jury cases the procedure is similar. Mediation, of course, is to be expected.

20. If counsel wish to have the Magistrate preside over the trial of the case, or request summary jury trial proceedings, counsel may request such action by stipulation. Counsel are advised that summary jury trial proceedings or other dispute resolution techniques may be directed by the court.

DONE AND ORDERED this __24__ day of __Aug__, 200__.

_____
NORMAN C. ROETTGER
UNITED STATES DISTRICT COURT JUDGE