UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6312-CR-ROETTGER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERMAINE WILLIAMS, et al,

    Defendant.
_____/

### DEFENDANT WILLIAMS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO DEFENDANT'S OF DEFENDANT'S ALLEGED PARTICIPATION IN UNRELATED ROBBERIES

    The Defendant, JERMAINE WILLIAMS, moves for an order *in limine*, precluding the government from eliciting testimony or introducing evidence relating to defendant Williams' alleged participation in two unrelated robberies, and in support thereof defendant Williams states:

    1.    Defendant Williams and co-defendant Lowen Espinueva are charged by indictment with (1) conspiracy to obstruct interstate commerce by robbery in violation of 18 U.S.C. § 1951(b)(1); (2) obstruction of interstate commerce by robbery in violation of U.S.C. § 1951(a) and (3) carrying and using a firearm in relation to a crime of violence in violation of 18 U.S.C. 924(c).

    2.    On Friday, January 3, 2002, the government informed the undersigned that co-defendant Lowen Espinueva had entered into a plea agreement with the government. The plea agreement provides that Espinueva agrees to cooperate with the government by testifying against defendant Williams.



3. In addition, the government intends to introduce evidence through co-defendant Espinueva that he and defendant Williams participated in two robberies which are wholly unrelated to the robbery alleged in the instant case.

4. The first robbery took place at a residence in Margate on July 2, 2000. According to Espinueva's proffer, he and defendant Williams forced their way into the residence of Mr. Nevin Graff and bound Mr. Graff and two guests with duct tape. Espinueva claims that defendant Williams was armed with a hand gun and that they took $6,000.00 in cash, three pounds of marijuana; and a Mossberg shotgun from the residence.

5. The second robbery took place at a Checkers Restaurant located at 9900 Sample Road in Coral Springs. In the police report of the Checkers Robbery, one witness states that the robbery was committed by one black male and one hispanic male.

6. Mr. Williams respectfully submits that any testimony or evidence relating to the two uncharged robberies is irrelevant to the charges he currently faces and/or would unfairly prejudice him in the eyes of the jury in violation of Federal Rule of Evidence 403. In addition, Mr. Williams submits that the introduction of this evidence would violate Federal Rule of Evidence 404(b) because it amounts to improper character evidence.

## MEMORANDUM OF LAW

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. See Fed. R. Evid. 404(b). It may, however, be admissible for other purposes such as proof of motive, plan, opportunity, preparation, knowledge, identity, or absence of mistake or accident. Id. However, bad act evidence is not automatically admissible simply because the proponent has articulated a not-for-

character purpose for which the evidence could be admitted. See <u>Huddlestone v. United States</u>, 485 U.S. 681, 688, 108 S.Ct. 1496, 1500 (1988). Even if the government articulates a reason for introducing such evidence, the trial court must make a Rule 403 determination of whether the probative value of the bad acts are substantially outweighed by undue prejudice. See <u>United States v. Utter</u>, 97 F.3d 509, 513 (11th Cir. 1996). The government has yet to articulate any theory of admissibility. Accordingly, this Court should prohibit the government from eliciting testimony or evidence relating to the two uncharged robberies.

### Conclusion

Based upon the foregoing, the defendant, Jermaine Williams, respectfully request that this Court enter an order precluding the government from introducing any testimony or evidence that Mr. Williams and Mr. Espinueva committed the two robberies described herein.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Daryl E. Wilcox
Assistant
Federal Public Defender
Florida Bar No. 838845
One East Broward Blvd., Suite 1100
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing instrument was mailed this day of 11th day of January, 2002 to Thomas Lanigan, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33301; and Barry Wax, Esq., 201 South Biscayne Boulevard, Suite 1950, Miami, Florida 33131.

Daryl E. Wilcox