UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ~~00-4388-CR~~-ROETTGER/Snow

00 - 6312

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERMAINE WILLIAMS,

    Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT

The defendant, JERMAINE WILLIAMS, by and through his undersigned attorney, files his objection to the Pre-sentence Investigation Report (PSI), and in support thereof, the defendant states:

### Offense Level Computation

Mr. Williams objects to the probation officer's offense level computation as reflected in paragraphs 23 though 48 of the PSI.. The probation officer concludes that counts one and two of the indictment represent separate harms and are excluded from the grouping rules in USSG § 3D1.2. See PSI ¶ 23. The probation officer treated count one and count two as separate groups. The two groups were converted to two units pursuant to USSG § 3D1.4, thereby increasing Mr. Williams' offense level by two. Mr. Williams submits that the probation officer has misinterpreted the multiple count grouping rules contained in Chapter 3, Part D of the Sentencing Guidelines.

Count one of the indictment charged Mr. Wilson with conspiracy to obstruct interstate commerce by robbery in violation of 18 U.S.C. § 1951(a). Count two of the indictment charged Mr.



Williams with attempting to obstruct interstate commerce by robbery in violation of 18 U.S.C. § 1951(a). The intended goal of the robbery and the conspiracy was to obtain the drop off deposits of the CitiBank located at 2789 University Drive in Coral Springs, Florida. Because the robbery and the conspiracy were part of a single criminal episode, counts one and two should be grouped together pursuant to USSG § 3D1.2(b).

Counts involving the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan involves substantially the same harm and should be grouped together. See USSG § 3D1.1(b). When one count charges a conspiracy and the other charges a substantive offense which was the sole object of the conspiracy, the counts are to be grouped together under subsection (b). See USSG § 3D1.2, comment. (n.4). For example, if a defendant is convicted of one count of conspiracy to commit extortion and one count of extortion for the offense he conspired to commit, the counts are to be grouped together. Id. Similarly, the conspiracy to obstruct commerce by robbery and the attempted robbery in the instant case should be grouped pursuant to USSG § 3D1.2(b)

The probation officer reasoned that the conspiracy and attempted robbery in the instant case should not be grouped because USSG § 3D1.2(d) specifically excludes the grouping of bank robberies. Under USSG § 3D1.2(d), offenses are to be grouped when the offense level is determined largely on the basis of the total amount of harm or loss. However, certain offenses, such as bank robberies, are excluded from being grouped under this subsection. Accordingly, the probation officer reasoned that the conspiracy and the attempted robbery constituted two separate groups.

Mr. Williams submits that USSG § 3D1.2(d) prohibits the grouping of multiple bank robberies but does not prohibit the grouping of a conspiracy to rob and an attempt to rob the same bank. Compare United States v. Collins, 226 F.3d 457, 460 (6th Cir. 2000)(conspiracy to commit

robbery and robbery of same bank grouped together to produce one offense level), with United States v. Boyd, 924 F.2d 945, 948 ( 9th Cir. 1991)( USSG 3D1.2 prohibits grouping of four separate bank robberies). If the conspiracy to commit robbery and the attempted robbery were properly grouped, there would only be one unit and the total offense level for counts one and two would be 25. At offense level 25 and criminal history category I, the sentencing range is 57 to 71 months.

WHEREFORE, the defendant, Jermaine Williams, prays that this Court sustain his objection to the PSI and impose a sentence consistent with the argument set forth above.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
Attorney for Defendant
One East Broward Blvd., Suite 1100
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing instrument was mailed this 8th day of March, 2002 to Thomas Lannigan, Assistant United States Attorney, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida, 33301 and Georgann Stanley, United States Probation Officer, Federal Courthouse Building, 299 East Broward Boulevard, Room 409, Fort Lauderdale Florida, 33301

_____
Daryl E. Wilcox