UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JERMAINE WILLIAMS,  CASE NO. 06-61536-CIV-DIMITROULEAS
                                      (00-6312-CR-DIMITROULEAS)
    Petitioner,

vs.

JORGE PASTRANA,

    Respondent.
_____/

### FINAL JUDGMENT AND ORDER DISMISSING WRIT OF HABEAS CORPUS, WITHDRAWING REFERENCE

    THIS CAUSE is before the Court on Petitioner's (Williams) October 6, 2006 Petition For Writ of Habeas Corpus [DE-1] and the Court having reviewed the Court file, finds as follows:

    1. On November 2, 2000 Williams was indicted and charged with Hobbs Act Conspiracy, Attempted Hobbs Act Robbery and Use of a Firearm during a Crime of Violence. [DE-14].

    2. On January 15, 2002 Williams pled guilty, pursuant to a plea agreement to all three counts. Count III was specified to carry a maximum sentence of life in prison and a minimum sentence of ten (10) years in prison. [DE-78].

    3. On April 16, 2002, Williams was sentenced to eighty (80) months in prison, concurrently on the first two counts and a consecutive one hundred twenty (120) months in prison on Count Three. [DE-86, 87].

    4. On August 5, 2003, the Eleventh Circuit Court of Appeals vacated the sentence. [DE-95]. U.S. v. Williams, 340 F. 3d 1231 (11th Cir. 2003).

    5. On December 4, 2003, this Court re-sentenced Williams to sixty-five (65) months on

1

the first two counts and a consecutive one hundred twenty (120) months on Count Three. [DE-99].

6. Williams' conviction became final ten (10) days later when he did not file an appeal. Mederos v. U.S., 218 F. 3d 1252, 1253 (11th Cir. 2000>

7. Williams contends that his sentence on Count Three violates double jeopardy as multiple punishment for the same conduct. Williams argues that the discharge of a firearm alleged in Count Three is also an element of a Hobbs Act Robbery. However, one can be convicted of either conspiracy to Rob or Attempted Robbery without discharging a firearm. Double jeopardy is not violated. U.S. v. Pearson, 203 F. 3d 1243, 1267-68 (10th Cir.) cert.denied, 120 S. Ct. 2734 (2000). Moreover, Congress can impose cumulative punishments through two different statutes prohibiting the same conduct. U.S. v. Overstreet, 40 F. 3d 1090, 1094-95 (10th Cir. 1994) cert. denied, 115 S. Ct. 1970 (1995). Williams also complains that § 924(c)(1)(A)(i) mandates a minimum five (5) year sentence for the use of a firearm while § 924(c)(1)(A)(iii) mandates a minimum ten (10) year sentence for the discharge of a firearm. Williams argues that since the use of a firearm includes discharging it, that a ten (10) year sentence would constitute double jeopardy. However. there is no double jeopardy violation by a single conviction of a crime divided by degrees. Finally, Williams contends that there are extenuating circumstances that caused the delay in his filing this petition.

8. A Writ of Habeas Corpus under § 2241 is not proper when it concerns the legality of a sentence. See Cradle v. U.S., 290 F. 3d 536, 538-39 (3d Cir. 2002). Normally, this Court would give Williams the option of converting the petition to a motion to vacate under 28 U.S.C. § 2255, warning him about the consequences of successive petitions. Castro v. U.S., 124 S. 786

(2003). Here, such an action would be futile as any petition reclassified as a motion to vacate would be time-barred.[1] No adequate grounds for equitable tolling have been alleged, and if alleged, Williams likely would not prevail on the merits.

Wherefore, Williams' Habeas Corpus Petition [DE-1] is Dismissed.

The Reference to Magistrate [DE-2] is Withdrawn.

The Clerk shall close this case and deny any pending motions as Moot.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of October, 2006.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Jermaine Williams, #55514-004
c/o FCI - Miami
PO Box 779800
Miami, Florida 33177

Thomas Lanigan, AUSA

Honorable Patrick A. White, US Magistrate Judge

---

[1] Should Williams choose to file a motion under § 2255, he would not be prejudiced by this dismissal as it would already have been time-barred.

3

4