UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JERMAINE C. WILLIAMS,   CASE NO. 07-60372-CIV-DIMITROULEAS
                        (00-6312-CR-DIMITROULEAS)

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## AMENDED FINAL JUDGMENT AND ORDER DISMISSING MOTION TO VACATE

THIS CAUSE is before the Court on Movant's (Williams) March 12, 2007 Motion to Vacate [DE-1] and the Court having considered the Government's March 22, 2007 Response [DE-4] and now having considered Williams' April 2, 2007 Response [DE-6], having presided over part of this cause and having reviewed the Court file, finds as follows:

1. On November 2, 2000, Williams was indicted and charged with Hobbs Act Conspiracy, Attempted Hobbs Act Robbery and Use of a Firearm during Commission of a Crime of Violence. [CR-DE-14].

2. On January 15, 2002, Williams pled guilty on all three counts. [CR-DE-77].

3. On April 3, 2002, Williams was sentenced to 200 months in prison. [CR-DE-86].

4. On August 5, 2003, the Eleventh Circuit Court of Appeals reversed for re-sentencing. [CR-DE-95]. U.S. v. Williams, 340 F. 3d 1231 (11th Cir. 2003).

5. On December 4, 2003, this Court had been assigned the case and re-sentenced Williams to 185 months in prison. [CR-DE-98].

6. When Williams did not file an appeal, his conviction became final on December 14, 2003. Mederos v. U.S., 218 F. 3d 1252, 1253 (11th Cir. 2000).

7. On October 6, 2006, Williams filed a Petition for Writ of Habeas Corpus (06-61536-CIV-DIMITROULEAS). On October 18, 2006, this Court denied the Petition. [CR-DE-101]. An appeal is currently pending. (06-16428).

8. In this latest collateral attack, Williams complains that trial counsel was ineffective in telling him that if he pled guilty that he could not be prosecuted for the same crime in state court. If trial counsel told Williams that, he gave him incorrect advice. See Bartkus v. Illinois, 359 U.S. 121 (1959).

9. Williams contends that he received a life sentence on August 19, 2005 in state court for the same criminal episode. In fact, it appears that the state conviction, that was affirmed on December 27, 2006, confirms that fact. Williams v. State, 946 So. 2d 1191 (Fla. 4th DCA 2006). Finally, Williams contends that had he known that he could be subsequently prosecuted in state court that he would not have pled guilty in federal court.

10. However, more than one year elapsed between the date that the facts supporting Williams' double jeopardy-faulty advice claim became known to him[1] and his either filing the first Petition For Writ of Habeas Corpus, which was filed on October 6, 2006 (claiming another variety of double jeopardy violation) or his filing the instant motion to vacate on March 12, 2007. Either way, the Motion to Vacate is time-barred.

Wherefore, Williams' Motion to Vacate [DE-1] is Dismissed as Time-Barred.

---

[1] Perhaps as early as when he was charged on February 5, 2003 in state court. See Williams v. State, 946 So. 2d 1191, 1192 (Fla. 4th DCA 2006). Certainly, no later than his sentencing on August 19, 2005.

2

The Clerk shall close this case and deny any pending motions as moot.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of April, 2007.

*(signature)*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Jermaine Williams, #55514-004
c/o FCI Miami
P.O. Box 779800
Miami, Florida 33177

Thomas Lanigan, AUSA